| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____   Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**    Nautical Solutions, L.L.C.

**2. All other names debtor used in the last 8 years**    N/A

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**    2 6 – 0 7 4 1 6 7 3

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 16201  East Main Street | |
| Number  Street | Number  Street |
| | P.O. Box |
| Cut Off  LA  70345 | |
| City  State  Zip Code | City  State  Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Lafourche | |
| County | Number  Street |
| | City  State  Zip Code |

**5. Debtor's website (URL)**    N/A

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor    __Nautical Solutions, L.L.C.__                  Case number *(if known)*_____
           Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4831**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor  __Nautical Solutions, L.L.C.__       Case number *(if known)* _____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    ☒ No
    ☐ Yes.

    District _____ When _____ Case number _____
                            MM / DD / YYYY

    District _____ When _____ Case number _____
                            MM / DD / YYYY

    If more than 2 cases, attach a separate list

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes.

    List all cases. If more than 1, attach a separate list.

    Debtor __See Rider 1__     Relationship __Affiliate__

    District __Southern District of Texas__     When __See Rider 1__
                                                                    MM / DD / YYYY

    Case number, if known _____

11. **Why is the case filed in *this* district?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other

    **Where is the property?** _____
                                          Number   Street

    _____ _____ _____
    City                    State     Zip Code

    **Is the property insured?**

    ☐ No
    ☐ Yes.  Insurance agency _____
            Contact name _____
            Phone _____

**Statistical and administrative information**

Debtor   Nautical Solutions, L.L.C.
         Name

Case number (if known)

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/09/2023
             MM/DD/YYYY

X /s/ _____     Charles F. Comeaux
      Signature of authorized representative of debtor      Printed name

Title   Chief Financial Officer

---

[1] The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 4

Debtor      Nautical Solutions, L.L.C.                           Case number *(if known)*
                Name

**18. Signature of attorney**      ✗      /s/ *Matthew D. Cavenaugh*          Date     **01/09/2023**
                                          Signature of attorney for debtor              MM/ DD/YYYY


**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number                Street

**Houston**                                          **TX**         **77010**
City                                                 State         ZIP Code

**713-752-4200**                                     **mcavenaugh@jw.com**
Contact phone                                        Email address

**24062656**                              **TX**
Bar number                                State

| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) | |
| Case number *(if known)*: _____ | Chapter __**11**__ |

☐ Check if this is an amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

      On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Nautical Solutions, L.L.C.

- Nautical Solutions, L.L.C.
- Nautical Solutions (Texas), LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| NAUTICAL SOLUTIONS, L.L.C., | ) Case No. 23-[  ] (___) |
| Debtor. | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Service Address | Percentage of Equity Held |
|---|---|---|---|
| Nautical Solutions, L.L.C. | Dionne Chouest Austin | 16201 East Main Street Cut Off, Louisiana 70345 | 19.50% |
| | Dino Chouest | 16201 East Main Street Cut Off, Louisiana 70345 | 19.50% |
| | Damon Chouest | 16201 East Main Street Cut Off, Louisiana 70345 | 19.50% |
| | Ross Chouest | 16201 East Main Street Cut Off, Louisiana 70345 | 22.25% |
| | Trustees of the DM Trust | 16201 East Main Street Cut Off, Louisiana 70345 | 5.50% |
| | Trustees of the AAM Trust | 16201 East Main Street Cut Off, Louisiana 70345 | 5.50% |
| | Trustees of the CAC Trust | 16201 East Main Street Cut Off, Louisiana 70345 | 5.50% |
| | Trustees of the RMCK Trust | 16201 East Main Street Cut Off, Louisiana 70345 | 2.75% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| NAUTICAL SOLUTIONS, L.L.C., | ) Case No. 23-[  ] (___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

Nautical Solutions, L.L.C. is owned by trusts and individual members of the Chouest family for the benefit of the Chouest family members.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | Nautical Solutions, L.L.C. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
### Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule___
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/09/2023     ☒ /s/ _____
             MM/ DD/YYYY       Signature of individual signing on behalf of debtor

                                                    **Charles F. Comeaux**
                                                    Printed name

                                                    **Chief Financial Officer**
                                                   Position or relationship to debtor

Official Form 202      Declaration Under Penalty of Perjury for Non-Individual Debtors

| **Fill in this information to identify the case:** |
|---|
| Debtor name    Nautical Solutions, L.L.C. |
| United States Bankruptcy Court for the:   Southern District of Texas |
| Case number *(If known)*: _____          (State) |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

Prior to the Petition Date, the Debtors paid all known general unsecured claims that were due and payable, as reflected in the Debtors' accounts payable system, as of the Petition Date.  In the ordinary course of the Debtors' business, all invoices must be vouchered in order to be included in the Debtors' accounts payable system.  The Debtors have received certain invoices that are in the process of being vouchered and are not yet reflected in the Debtors' accounts payable system.

# RESOLUTIONS OF THE SPECIAL COMMITTEE OF
# NAUTICAL SOLUTIONS, L.L.C.

The special committee (the "Special Committee") of Nautical Solutions, L.L.C., a Louisiana limited liability company (the "Company"), approved and adopted the actions described in and authorized by these resolutions (the "Resolutions") at the meeting of the Special Committee held on January 8, 2023, pursuant to the operating agreement of the Company, the resolution to appoint an independent director (the "Independent Manager") dated as of August 20, 2021, and the applicable laws of the jurisdiction in which the Company is organized;

**WHEREAS**, the Special Committee has reviewed and considered presentations by the financial and legal advisors of the Company regarding the liabilities of the Company, and the terms of the contemplated restructuring transaction;

**WHEREAS**, the Special Committee has had the opportunity to consult with the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Special Committee has reviewed and considered presentations by the financial and legal advisors of the Company regarding the transactions contemplated under that certain restructuring support agreement, and all exhibits and attachments thereto, dated as of September 6, 2022 (the "RSA"), and the chapter 11 plan of reorganization contemplated by the RSA (the "Plan") and a disclosure statement with all related exhibits thereto (as amended or restated from time to time, the "Disclosure Statement"), the advantages and disadvantages to the Company for implementing the restructuring transactions contemplated under the Plan pursuant to a chapter 11 process, feedback from the Company's stakeholders and counterparties to the RSA regarding implementation of the transactions contemplated thereunder, and the present facts and circumstances in relation to the transactions contemplated under the RSA;

**WHEREAS**, the Special Committee has determined, in its judgment, that the following resolutions are advisable and in the best interest of the Company, its creditors, and other parties in interest;

**WHEREAS**, Dino Chouest, Dionne Austin, Damon Chouest, and Ross Chouest (each a "Member" and collectively, the "Members"), who collectively hold greater than 75% of the outstanding membership interests of the Company, determined, in their judgment, that entry into the RSA was advisable and in the best interest of the Company, its creditors, and other parties in interest;

**WHEREAS**, the Members have reviewed and executed the RSA, which requires, among other things, a chapter 11 filing of the Company to implement the restructuring transactions contemplated in the RSA, if the Out-of-Court Restructuring Threshold is not satisfied at or before the Solicitation End Date (each as defined in the RSA), subject to the terms and conditions in the RSA; and

NOW, THEREFORE, BE IT,

## Chapter 11 Filing

**RESOLVED**, that in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**RESOLVED** that Dino Chouest, Dionne Austin, Damon Chouest, Ross Chouest, and Charles F. Comeaux (each an "Authorized Signatory") be, and each of them acting individually hereby is, authorized, empowered, and directed, together with the financial and legal advisors to the Company, to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by the Restructuring Support Agreement and these Resolutions, as each such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment;

**RESOLVED** that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors to the Company, to take all actions or to not take any action in the name of Nautical Solutions (Texas), L.L.C. with respect to the transactions contemplated by the Restructuring Support Agreement and these Resolutions, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment;

**RESOLVED**, that in the business judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Company, to file all other documents as each, in his or her discretion, may deem necessary or advisable to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all other petitions, schedules, lists, and

other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**Retention of Professionals**

**RESOLVED**, that the Company be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED**, that the Company be, and hereby is, authorized and directed to employ the law firm of Jackson Walker LLP ("Jackson Walker") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker;

**RESOLVED**, that the Company be, and hereby is, authorized and directed to employ the firm Jefferies LLC ("Jefferies"), as investment bankers to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies;

**RESOLVED**, that the Company be, and hereby is, authorized and directed to employ the firm Ankura Consulting Group ("Ankura"), as financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Ankura;

**RESOLVED**, that the Company be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KCC;

**RESOLVED**, that the Company be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED**, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each Authorized Signatory deems necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case;

## Cash Collateral and Adequate Protection

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for (i) those certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain "Credit Agreement," dated as of November 14, 2013, as amended, supplemented, or otherwise modified from time to time (including as amended and restated by an amendment and restatement agreement dated December 7, 2018 and as further amended by an amendment dated May 29, 2019, an amendment dated October 17, 2019, and an amendment dated May 28, 2020), among the Company, the Secured Lenders, the Agent (as defined under the Credit Agreement), and the Collateral Agent (as defined under the Credit Agreement), and (ii) certain prepetition secured noteholders (collectively, the "Secured Noteholders", and together with the Secured Lenders, the "Secured Parties") party to those certain "Note Purchase Agreements," Series A and Series B, dated as of November 14, 2013, as amended, supplemented, or otherwise modified from time to time, among the Company and the applicable Secured Noteholders;

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain liens, claims, and adequate protection to the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court;

**RESOLVED**, that the form, terms, and provisions of the Interim Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement, incur and pay or cause to be paid all fees and expenses and engage such

4

persons, in each case, in the form or substantially in the form thereof submitted to the Company, with such changes, additions, and modifications thereto as the Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

**RESOLVED**, that the Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations;

### General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories be, and each of them acting individually hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in each such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

**RESOLVED**, that the Special Committee of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Special Committee; and

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these Resolutions hereunder, as such Authorized Signatories shall deem necessary or desirable in such Authorized Signatories' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\*   \*   \*   \*   \*

5

**IN WITNESS WHEREOF**, the undersigned has duly executed this written consent on the date set forth below (the effective date hereof being such date).

INDEPENDENT MANAGER:

By: _____
Patrick Bartels
Date signed: January  8 , 2023

[SIGNATURE PAGE—FILING RESOLUTIONS FOR NAUTICAL SOLUTIONS, L.L.C.]