# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| NAUTICAL SOLUTIONS, L.L.C., | ) Case No. 23-90002 (CML) |
| Debtor. | ) |
| Tax I.D. No. 26-0741673 | ) |
| In re: | ) Chapter 11 |
| NAUTICAL SOLUTIONS (TEXAS), LLC, | ) Case No. 23-90001 (CML) |
| Debtor. | ) |
| Tax I.D. No. 92-1504141 | ) (Emergency Hearing Requested) |

## DEBTORS' **EMERGENCY** MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. on January 10, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 10, 2023 at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (the "<u>Motion</u>"):[1]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>") directing procedural consolidation and joint administration of these chapter 11 cases. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") maintain one file and one docket for all of the jointly-administered cases under the case of Nautical Solutions, L.L.C. and that the cases be administered under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NAUTICAL SOLUTIONS, L.L.C., *et al.*,[1] | ) | Case No. 23-90002 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases are: Nautical Solutions, L.L.C. and Nautical Solutions (Texas), LLC. The location of Debtor Nautical Solutions L.L.C.'s principal place of business and the Debtors' service address in these chapter 11 cases is 16201 East Main Street, Cut Off, Louisiana 70345.

2. The Debtors further request that the Court find the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (defined below). The Debtors request that a docket entry, substantially similar to the following, be entered on the docket of the

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of Richard W. Morgner in Support of the Chapter 11 Petitions and the First Day Motions* and the *Declaration of Roy Gallagher in Support of the Chapter 11 Petitions and the First Day Motions* (together, the "<u>First Day Declarations</u>"), filed contemporaneously on the date hereof (the "<u>Petition Date</u>") and incorporated by reference herein. Capitalized terms used but not otherwise defined in this Motion have the meanings set forth in the First Day Declarations.

Debtor Nautical Solutions (Texas), LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Nautical Solutions, L.L.C., Case No. 23-90002 (CML) and Nautical Solutions (Texas), LLC, Case No. 23-90001 (CML).  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-90002 (CML).**

## Jurisdiction and Venue

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

6. The Debtors are a leading provider of vessel services to the offshore oil and gas exploration and production, oilfield service, and construction sectors. The Debtors' services include transportation of personnel and supplies to fixed and floating drilling and production rigs and platforms, surface support for subsea installation activities, and support and supply of offshore accommodation units. Since their establishment, the Debtors have provided innovative and technologically advanced marine solutions to meet the evolving needs of the deepwater and ultra-deepwater energy industry. The Debtors provide strategic support services through the operation and maintenance of specialized vessels that work in support of the most advanced

drilling and production units owned by the supermajors, national oil companies, and the largest, most creditworthy independent oil and gas companies. Headquartered in Cut Off, Louisiana, the Debtors' customer base currently operates in the Gulf of Mexico, Brazil, Guyana, Suriname, and other regions around the Western Hemisphere.

7. On September 6, 2022, after over a year of good faith, arm's-length negotiations overseen by an independent special committee of Nautical's board of managers, the Debtors executed a Restructuring Support Agreement with (i) holders of First Lien Claims representing, in the aggregate, approximately 68% of the First Lien Claims as of the date hereof (the "Consenting Creditors"), and (ii) the Consenting Members. Under the Restructuring Support Agreement, the Consenting Creditors, the Consenting Members, and the Debtors agreed, subject to the terms and conditions thereof, to support a deleveraging transaction to restructure the Company's balance sheet on the terms set forth in the *Joint Prepackaged Plan of Reorganization of Nautical Solutions, L.L.C. and its Debtor Affiliate Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").

8. On January 9, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the First Day Declarations filed contemporaneously with this Motion and incorporated by reference herein.

9. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees

have been appointed or designated by the United States Trustee for the Southern District of Texas (the "U.S. Trustee").

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 provides additional authority for the joint administration of related chapter 11 cases.

11. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. The joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

**Emergency Consideration**

13. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or that involve deadlines sooner than 21 days after the Petition Date. The requested relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

14. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the agent under the Credit Agreement; (c) counsel to the note holders under the Note Purchase Agreements; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

34881390v.1 163415/00001

WHEREFORE, the Debtors request entry of the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
January 9, 2023

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Patrick J. Nash, Jr., P.C. (*pro hac vice* pending) |
| Victoria Argeroplos (TX Bar No. 24105799) | John R. Luze (*pro hac vice* pending) |
| Javier Gonzalez (TX Bar No. 24119697) | Jeffrey T. Michalik (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | 300 North LaSalle Street |
| Houston, TX 77010 | Chicago, IL 60654 |
| Telephone: (713) 752-4200 | Telephone: (312) 862-2000 |
| Facsimile: (713) 752-4221 | Facsimile: (312) 862-2200 |
| Email: mcavenaugh@jw.com | Email: patrick.nash@kirkland.com |
| jwertz@jw.com | john.luze@kirkland.com |
| vargeroplos@jw.com | jeff.michalik@kirkland.com |
| jgonzalez@jw.com | |
| | |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

## Certificate of Service

I certify that on January 9, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

34881390v.1 163415/00001