IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NAUTICAL SOLUTIONS, L.L.C., *et al.*,[1] | ) ) ) | Case No. 23-90002 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**REORGANIZED DEBTORS' MOTION FOR ENTRY
OF A FINAL DECREE CLOSING THE CHAPTER 11 CASES**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date,[2] the "Debtors") state as follows in support of this motion (this "Motion"):

**Preliminary Statement**

1. The Debtors moved expeditiously through these chapter 11 cases. After filing their chapter 11 petitions on January 9, 2023, the Debtors' chapter 11 Plan was confirmed on February 16, 2023 and went effective on February 24, 2023. This efficiency maximized the value of the Debtors' estates by reducing the administrative burden and costs of prolonged chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases are: Nautical Solutions, L.L.C. and Nautical Solutions (Texas), LLC. The location of Debtor Nautical Solutions L.L.C.'s principal place of business and the Debtors' service address in these chapter 11 cases is 16201 East Main Street, Cut Off, Louisiana 70345.

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings set forth in the *Amended Joint Prepackaged Plan of Reorganization of Nautical Solutions, L.L.C. and Its Debtor Affiliate Pursuant to Chapter 11 of the Bankruptcy Code*] [Docket No. 182] (as modified, supplemented, and amended, the "Plan").

Other than the Fee Applications (as defined below) for the Debtors' advisors, there are no other matters pending in the chapter 11 cases or prepetition claims to be administered. To that end, the Reorganized Debtors now seek to close the chapter 11 cases.

## Relief Requested

2.   The Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto (the "Final Decree"), (a) closing each of the chapter 11 cases and (b) granting related relief.

## Jurisdiction and Venue

3.   The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order.

4.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.   The bases for the relief requested herein are sections 105 and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

6.   On January 9, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, and the Court entered an order [Docket No. 4] directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

7.   The Debtors' chapter 11 cases are as follows:

| Affiliate Debtors | Case Number |
|---|---|
| Nautical Solutions (Texas), LLC | 23-90001 |
| Nautical Solutions, L.L.C. | 23-90002 |

2

8. On February 16, 2023, the Court confirmed the Plan and entered the *Order (I) Approving the Debtors' Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization, (II) Confirming the Joint Prepackaged Plan of Reorganization of Nautical Solutions, L.L.C. and Its Debtor Affiliate Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Docket No. 204] (the "Confirmation Order"), pursuant to which, among other things, the Court permanently waived the requirements that the Debtors file their schedules and statements of financial affairs and that the Office of the U.S. Trustee for the Southern District of Texas (the "U.S. Trustee") convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code.

9. On February 24, 2023, the Debtors substantially consummated the Plan and the effective date of the Plan (the "Effective Date") occurred.[3]

10. Pursuant to the terms of the Plan, the Debtors were able to deleverage their balance sheet by reducing the face amount of aggregate first lien debt, extend key maturities, deliver an enhanced collateral package to the Debtors' secured creditors, and provide for the sale of six Vessels to Hornbeck Offshore Services, Inc. Notably, all Allowed Other Secured Claims, Other Priority Claims, Existing Nautical Interests, and General Unsecured Claims, if any, were reinstated, received payment in full in cash, or were otherwise unimpaired under the Plan.

11. Additionally, on April 4, 2023, the Reorganized Debtors filed final fee applications seeking to compensate the various professionals retained during the chapter 11 cases (the "Fee Applications").

---

[3]  *See Notice of (I) Entry of an Order Confirming the Amended Joint Chapter 11 Plan of Reorganization of Nautical Solutions, L.L.C. and Its Debtor Affiliate and (II) Occurrence of Effective Date* [Docket No. 214].

12. There will not be a claims process in the chapter 11 cases, and the Reorganized Debtors believe that all Claims, to the extent allowed, have either received treatment in accordance with the Plan or were left unaltered in by the chapter 11 proceedings. The chapter 11 cases have been fully administered, and the Reorganized Debtors request entry of the Final Decree, substantially in the form attached hereto, closing these cases.

## Basis for Relief

13. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party-in-interest, shall enter a final decree closing the case."

14. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

   a. whether the order confirming the plan has become final;

   b. whether deposits required by the plan have been distributed;

   c. whether the property proposed by the plan to be transferred has been transferred;

   d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

   e. whether payments under the plan have commenced; and

   f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

15. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated.  *See, e.g.*, *id.* (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[4]

16. All of these factors need not be present before a court will enter a final decree. *See, e.g.*, *Walnut Assocs.*, 164 B.R. at 493; s*ee, e.g.*, *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending and the debtors still needed to make certain distributions); *In re Valence Tech.*, No. 12-11580-CAG, 2014 WL 5320632, at *4 (W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'") (citation omitted).

17. Here, the relevant factors weigh strongly in favor of closing both of these cases.  The Confirmation Order is a final order, the Effective Date of the Plan has occurred, and the Plan is substantially consummated.  The distributions and payments required under the Plan have been made.  Other than the Fee Applications, there are no motions, applications, or contested matters remaining.

---

[4] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the:  "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

Furthermore, the entry of a final decree closing these cases is without prejudice to creditors' rights to petition the Court to reopen any of such cases pursuant to section 350(b) of the Bankruptcy Code. Subject to the Court's approval of the Fee Applications, each of these cases has been "fully administered."

18. For these reasons, the Reorganized Debtors request the Court enter the Final Decree.

## **Notice**

19. The Debtors will provide notice of this Motion to: (a) the office of the United States Trustee for the Southern District of Texas; (b) counsel to the agent under the Credit Facility; (c) counsel to the note holders under the Note Purchase Agreements; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

WHEREFORE, the Reorganized Debtors request that the Court enter the Final Decree, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
April 12, 2023

/s/ *Jennifer F. Wertz*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| Victoria Argeroplos (TX Bar No. 24105799) | John R. Luze (admitted *pro hac vice*) |
| Javier Gonzalez (TX Bar No. 24119697) | Jeffrey T. Michalik (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 300 North LaSalle Street |
| Houston, TX 77010 | Chicago, IL 60654 |
| Telephone: (713) 752-4200 | Telephone: (312) 862-2000 |
| Facsimile: (713) 752-4221 | Facsimile: (312) 862-2200 |
| Email: mcavenaugh@jw.com | Email: patrick.nash@kirkland.com |
|   jwertz@jw.com |   john.luze@kirkland.com |
|   vargeroplos@jw.com |   jeff.michalik@kirkland.com |
|   jgonzalez@jw.com | |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |

**Certificate of Conference**

I certify that on March 21 and March 28, 2023, I conferred via email with Ha Nguyen, trial attorney for the United States Trustee for the Southern District of Texas, regarding the relief requested herein, and Mr. Nguyen stated that the United States Trustee did not have any comments to the proposed form of order on this motion.

*/s/ Jennifer F. Wertz*
Jennifer F. Wertz

**Certificate of Service**

I certify that on April 12, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jennifer F. Wertz*
Jennifer F. Wertz